IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:02CR3121 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| PABLO FAVELA-CORRAL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") filed by the defendant, Pablo Favela-Corral (filing 154). [1]

On April 29, 2003, Favela-Corral entered a plea of guilty to a one-count indictment charging conspiracy to distribute and possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine.  On September 12, 2003, he was sentenced to prison for a term of 188 months and five

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

years of supervised release.  Favela-Corral appealed his sentence to the Eighth Circuit Court of Appeals, arguing that I erred in assessing a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon because the mere presence of an unloaded firearm did not provide the necessary nexus to the drug offense.  The Court of Appeals affirmed the sentence, specifically concluding that I did not err in assessing the weapon enhancement.  (Filing 135, at 2.)

Favela-Corral raises five claims in his § 2255 motion:

1.    The court erroneously classified Favela-Corral as being in Criminal History Category II instead of I.

2.    The court erred in assessing a 2-level weapon enhancement because Favela-Corral's sentence "was increased based on facts found by a preponderance of the evidence rather than beyond a reasonable doubt" and "the Apprendi rule must be applied retroactively."  (Filing 154, at 22.)  Favela-Corral also asserts that the indictment was constructively amended.  Although Favela-Corral does not state the basis for this argument, I presume he means that the 2-level weapon enhancement caused him to be, in effect, sentenced for possession of a dangerous weapon when such a charge was not included in the indictment.

3.    The government violated the plea agreement because "[t]he petitioner expected to be punished to 97 to 121 months when he signed the plea agreement," but he was instead sentenced to 188 months.  (Filing 154, at 9.)

4.    Ineffective assistance of counsel because Favela-Corral's "defense attorney failed to argue the petitioner's criminal history category, the defense counsel failed to argue the issues on the guns, defense counsel

failed to argue the fact that the indictment had been altered and defense counsel failed to make sure that the government honored the plea agreement." (Filing 154, at 8.)

### Criminal History Claim

Favela-Corral first requests that the court resentence him using Criminal History Category I instead of Category II. As established by the Revised Presentence Investigation Report and the transcript of the sentencing proceedings, Favela-Corral was properly assessed three Criminal History Points—one for a prior criminal conviction for driving under the influence and two for committing the federal drug offense while on probation for the DUI offense, squarely putting him in Criminal History Category II. See U.S.S.G. §4A1.1(c), (d) & comment. (2002); U.S.S.G. §4A1.2(a)(1) & (c) (2002); Sentencing Table (inside back cover of 2002 Sentencing Guidelines Manual)[2]; Filing 123, Transcript of Sentencing Proceedings, at 10-12. Therefore, Favela-Corral is not entitled to relief on this claim.

### Weapon-Enhancement Claim

The Court of Appeals has already held that Favela-Corral's 188-month sentence was proper and that I did not err in assessing a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. As noted by the Court of Appeals, police found a semiautomatic rifle under a mattress in a bedroom of Favela-Corral's home and packages of methamphetamine in a wall vent. Because Favela-Corral's arguments relating to the weapon enhancement have already been presented to, and specifically rejected by, the Court of Appeals, this court cannot

---

[2]The Revised Presentence Investigation Report indicates that the 2002 edition of the Guidelines Manual was used in assessing Favela-Corral's sentence. (Report ¶ 44.)

reconsider those issues. "'It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.'"  Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003) (quoting United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981).[3]

## **Violation of Plea Agreement**

Favela-Corral next argues that he "expected to be punished to 97 to 121 months when he signed the plea agreement" and that the government "slip[ped] in" a provision in paragraph 7 of the plea agreement that makes Favela-Corral "responsible beyond a reasonable doubt for at least 5 kilograms but less than 15 kilograms" of methamphetamine, when paragraph 1 of the agreement states that he would plead guilty to conspiracy to distribute and possess with intent to distribute "500 grams or more" of methamphetamine, as charged in the indictment.

"Plea agreements are contractual in nature and should be interpreted according to general contractual principles.  Where a plea agreement is ambiguous, the ambiguities are construed against the government.  Allowing the government to breach a promise that induced a guilty plea violates due process."  United States v. Jensen, 423 F.3d 851, 854 (8th Cir. 2005) (internal citations omitted).  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'"  Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (citations omitted).

---

[3]In any event, the Eighth Circuit has clearly held that Apprendi does not apply retroactively to cases on collateral review.  United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001) ("Apprendi is not of watershed magnitude and . . . Teague bars petitioners from raising Apprendi claims on collateral review.")

4

Favela-Corral stated both in writing and in open court that his attorney had reviewed the terms of the plea agreement with him and explained the plea agreement; that he "agreed with others to distribute at least 5 kilos of methamphetamine"; that the maximum term of imprisonment applicable to the offense to which Favela-Corral pled guilty was life in prison, with a minimum of 10 years; that the sentence he would receive was "solely a matter for the judge to decide," and a judge would "decide by the greater weight of the evidence facts relevant to sentencing and the maximum penalty"; that "nobody can tell you what the guideline range is going to be in this case"; and that he entered into the plea agreement knowingly and voluntarily. Further, both defense counsel and the Assistant United States Attorney agreed at the plea proceedings, in the presence of the defendant, that "Mr. Favela-Corral should be held responsible beyond a reasonable doubt for at least five kilograms but less than 15 kilograms of a mixture or substance containing methamphetamine." When the court asked Favela-Corral if he heard what the lawyers had agreed to, and if he agreed with the lawyers, he responded, "Yes." (Filing 80, Petition to Enter a Plea of Guilty; Filing 78, Transcript of Plea Proceedings.)

Based on Favela-Corral's written and oral representations that he "agreed with others to distribute at least 5 kilos of methamphetamine" and that he agreed with his lawyer's in-court statement that Favela-Corral should "be held responsible beyond a reasonable doubt for at least five kilograms but less than 15 kilograms of a mixture or substance containing methamphetamine," Favela-Corral cannot now complain that the government, without Favela-Corral's knowledge, "slip[ped] in" a provision in the plea agreement that makes him "responsible beyond a reasonable doubt for at least 5 kilograms but less than 15 kilograms" of methamphetamine. In short, there is simply no evidence that the government breached a promise that induced Favela-Corral's guilty plea.

## Ineffective Assistance of Counsel

In order to prevail on Favela-Corral's claim that his counsel rendered ineffective assistance when she "failed to argue the petitioner's criminal history category . . . failed to argue the issues on the guns . . . failed to argue the fact that the indictment had been altered and . . . failed to make sure that the government honored the plea agreement," Favela-Corral must show (1) that "'counsel's representation fell below an objective standard of reasonableness,'" and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"   Nguyen v. United States, 114 F.3d 699, 703-04 (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).  The court need not address both components if the movant makes an insufficient showing on one of the prongs.  Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

Favela-Corral's assertions that his counsel was ineffective because she "failed to argue the petitioner's criminal history category [and] failed to argue the issues on the guns" is contradicted by the record.  During the sentencing proceedings, Favela-Corral's counsel specifically objected to the portions of the Revised Presentence Investigation Report involving criminal history and the gun enhancement.  Counsel discussed these issues with the court at some length, after which the court denied the objections.  (Filing 123, at 3:10-21, 7:8-10:11, 12:18-17:5.)

The defendant's additional arguments that his counsel "failed to argue the fact that the indictment had been altered and . . . failed to make sure that the government honored the plea agreement" are, as discussed above, simply without merit.  An

6

attorney's failure to allege claims which lack merit does not constitute ineffective assistance. <u>Kern v. United States</u>, 2005 WL 2071731, at *5 (E.D. Mo. Aug. 26, 2005) (movant's § 2255 claim of ineffective assistance based on counsel's failure to object to judicial fact-finding was without merit because "[c]ounsel is not required to make meaningless, futile arguments"). Because there was no basis for making these arguments to the court, Favela-Corral cannot establish that but for these alleged errors, the result of the proceeding would have been different.

## <u>Conclusion</u>

Because the defendant's § 2255 motion and the files and records of this case conclusively show that the defendant is not entitled to relief, I shall dismiss the motion.

Accordingly,

IT IS ORDERED that:

1.      The court has completed its initial review of the defendant's § 2255 motion (filing 154);

2.      The defendant's § 2255 motion is dismissed in all respects, and a separate judgment shall be entered accordingly.

January 5, 2006.

> BY THE COURT:
> s/ *Richard G. Kopf*
> United States District Judge